IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-14-292-01-C |
| TIMOTHY DEWAYNE WATKINS, JR., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant filed the present motion seeking additional time to file and appointment of counsel to assist in preparing his 28 U.S.C. § 2255 motion. In support of his request, Defendant asserts he is unable to file his § 2255 Motion because prison conditions have prevented him from doing needed research.

In United States v. Leon, 203 F.3d 162 (2d Cir. 2000), the Second Circuit held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." Id. at 164. Prior to an actual filing, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." Id. The Tenth Circuit followed this reasoning in United States v. Verners, 15 F. App'x 657 (10th Cir. 2001). Thus, the applicable precedent holds that additional time to file a § 2255 Motion can be granted only where Defendant (1) "requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001).

Defendant's Motion fails at the first element, as he has not filed a § 2255 Motion. A court is permitted to construe a filing as a § 2255 Motion even where it is labeled differently. See Castro v. United States, 540 U.S. 375, 377 (2003). However, Defendant must describe or allude to a cognizable § 2255 claim. Defendant's Motion does neither, and so cannot be liberally construed.

To the extent Defendant requests appointment of counsel to prepare his § 2255 Motion, that request will be denied. "There is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). In determining whether counsel should be appointed, the Court considers "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Because there is no action pending, no analysis of these factors can be made. Accordingly, Defendant is not entitled to appointment of counsel at this time.

For the reasons set forth herein, Defendant's Motion to Appoint Counsel and for Extension of Time (Dkt. No. 245) is DENIED.

IT IS SO ORDERED this 23rd day of June, 2020.

ROBIN J. CAUTHRON
United States District Judge