IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | No. CR-14-292-C |
| ) | CIV-20-660-C |
| TIMOTHY DEWAYNE WATKINS, JR., ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Defendant argues that the Supreme Court's decision in United States v. Davis, --- U.S. ---, 139 S.Ct. 2319 (2019), mandates that his conviction for armed bank robbery is no longer a predicate crime of violence under 18 U.S.C. § 924(c).

Defendant was charged in Case No. CR-14-292-M with armed bank robbery and possession of a sawed-off shotgun in furtherance of a crime of violence. In Case No. CR-14-359-M, Defendant was charged with armed bank robbery and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence. Defendant entered a combined guilty plea to the two Indictments. Significantly, that plea agreement contained an explicit waiver of Defendant's right to collaterally challenge his conviction or sentence.

In 2017, Defendant filed a § 2255 Motion in Case No. CR-14-359-M. In resolving that Motion, Judge Miles-LaGrange determined that the waiver included in Defendant's guilty plea was valid and enforceable. Judge Miles-LaGrange then denied the § 2255 Motion. Defendant did not appeal that Order. In the present case, Plaintiff argues the

collateral attack waiver bars consideration of Defendant's Motion. The Court agrees. As Plaintiff notes, Defendant's current Motion falls within the scope of the waiver, as it seeks to collaterally attack his conviction or sentence. Second, review of the transcript of the Rule 11 colloquy between the Court and Defendant demonstrates the waiver was knowing and voluntary. See United States. v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). Defendant argues that his previous § 2255 challenge raised ineffective assistance of counsel in failing to advise him of the existence of the waiver. Defendant's argument is contrary to the clear language of the Rule 11 colloquy where the Court explains the waiver and its consequences and Defendant acknowledges his understanding and acceptance. Further, in resolving the earlier § 2255 Motion, Judge Miles-LaGrange determined Defendant's counsel was not ineffective. Consequently, Defendant has failed to meet his burden of showing the waiver was not knowing and voluntary. Id. at 1329. Finally, Defendant has offered no evidence demonstrating enforcement of the waiver will result in a miscarriage of justice. See United States v. Anderson, 374 F.3d 955, 959 (10th Cir. 2004) ("The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice."). Accordingly, the Court finds that Defendant's § 2255 Motion is barred by the collateral attack waiver in his plea agreement.

Even were the present Motion not barred by the waiver, it would still fail. Defendant argues that portions of his conviction are invalid after the Supreme Court decided Davis. In Davis, the Supreme Court invalidated the residual clause of 18 U.S.C.

2

§ 924(C)(3). However, as Plaintiff explains, and Defendant recognizes, the Tenth Circuit has repeatedly held a conviction for bank robbery qualifies as a crime of violence under the elements clause, not the residual clause. See United States v. Deiter, 890 F.3d 1203 (10th Cir. 2018), cert. denied. --- U.S. ---, 139 S.Ct. 647 (2018). Thus, Defendant's § 2255 Motion fails on the merits.

Because a decision can be made on the basis of the record before the Court, no hearing is necessary. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

For the reasons set forth herein, Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 251, 1) is denied. A separate judgment will issue.

IT IS SO ORDERED this 26th day of August 2020.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge